# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 1 3 2018

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 5:18 CM 28
Information Associated With )
sandsfencing5@gmail.com That Is Stored at )
Premises Controlled By Google )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___unknown___ District of ___unknown___ *(identify the person or describe property to be searched and give its location)*: See "Attachment A"
This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711 (3)(A) and Federal Rule of Criminal Procedure 41

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See "Attachment B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___26___ U.S.C. § ___7201___, and the application is based on these facts: Attempt to Evade or Defeat Tax

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

SA Tim Arsenault
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/13/18

_____
Judge's signature

City and state: Fayetteville, Arkansas    Erin Wiedemann, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Tim Arsenault, being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I submit this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require the provider listed in Attachment A (the provider) to provide information, including the content and file attachments of communications, for the email account listed in Attachment A, including user names and associated profiles. As set forth below, I have probable cause to believe that this account contains evidence, as set forth in Attachment B to this affidavit, of violations of the following:

    a. 26 USC § 7201, Attempt to Evade or Defeat Tax

2. I am a Special Agent with the Internal Revenue Service Criminal Investigation, and have been so employed since September 1995. As a Special Agent, I investigate possible violations of the Internal Revenue Code (Title 26 United States Code), the Money Laundering Control Act (Title 18 United States Code), the Bank Secrecy Act (Title 31 United States Code) and other criminal violations. I have personally conducted and assisted other law enforcement officers in numerous investigations of alleged criminal violations of the Internal Revenue Laws, the Bank Secrecy Act, and the Money Laundering Control Act.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own knowledge, knowledge obtained from other individuals during my participation in this investigation, including other IRS personnel,

analysis of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## APPLICABLE LAW

4. Title 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax) provides in relevant part that "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution."

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A) and 2711. Specifically, pursuant to 18 U.S.C. 2711 (3)(A)(i) the Court is "a district court of the United States....that has jurisdiction over the offense being investigated." Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

## STATEMENT OF PROBABLE CAUSE

6. Information was received by the Internal Revenue Service Criminal Investigation (IRS-CI), related to suspicious financial activity on the part of Derek Sands. Sands owns a fencing company and does business under the name of Sands Fencing, Sands Fencing & Outdoor Living Areas or Sands Enterprises, Inc. The information pertained to, among other things, the cashing of thousands of dollars of Sands' customer's checks at the customer's banks.

7. I obtained from the IRS and analyzed tax information pertaining to Derek Sands. I learned that Sands has failed to file personal federal tax returns since 2009. For tax years 2007 and 2008, Sands did file personal federal tax returns but according to his returns owed approx. $29,000 in taxes for those two years. Sands has not made any payments towards this liability and the balance as of January 2018 is now approx. $57,664. According to IRS records, the IRS has notified Sands of its intent to collect taxes owed and has sent notices inquiring as to why he has not recently filed federal returns.

8. I analyzed bank records received from Arvest Bank and learned that Sands has started to deal in cash. I also learned that when Sands receives a payment for fencing work, instead of depositing the check into a personal or business account, it appears that Sands takes the check to the bank where his customer has an account and cashes the check at their bank. Arvest Bank reported that Sands did not have an account at their bank but cashed the following amounts of checks belonging to customers:

    2016 - $180,166
    2015 - $160,098
    2014 – $75,923
    2013 - $180,592.55

    Since February 2013, Sands has cashed well over $500,000 of his customers checks.

9. Other banks in the Northwest Arkansas area including Bank of America, Grand Savings Bank, First Security Bank, Farmers and Merchants Bank and BancorpSouth have all documented that Derek Sands has cashed large checks at their banks since 2016.

10. IRS records also show that over the past few years, several businesses have reported to the IRS and issued Derek Sands a Form 1099, which documents payments made to Sands. According to these records, Sands received the following amounts of payments:

    2016 - $47,210

    2015 - $83,905
    2014 – $55,324
    2013 - $89,937

Some of these payments were cashed at Arvest Bank. Sands did not file federal returns reporting the income he received for these years.

11. On November 15, 2017, an IRS undercover agent (UCA), posing as a potential customer, met with Sands. During the meeting, Sands told the UCA that he is the owner of Sands Fencing & Outdoor Living Areas and employs 7 individuals who build fences. Sands boasted that he is one of the biggest fencing companies around and builds approximately 50% of the fences in a given neighborhood. Sands stated his company builds approximately 7 fences every two weeks and Sands makes $1,000 -$3,000 for each job after expenses. Sands explained to the UCA that he prepares a profit and loss statement for each job and keeps it with his records. Sands explained that he keeps track of all his customers through his Gmail account. On his phone, Sands showed the UCA that he has an email folder for customers and can access invoices through his Gmail account. Sands uses the Gmail account "sandsfencing5@gmail.com." Sands also told the UCA that he purchases 90% of his material from a fencing supplier in the area and his materials cost $2 million a year. At the end of the meeting, the UCA paid Sands for taking the time to show him around and fences that Sands built in the area. The UCA asked if Sands would accept a credit card payment (in an attempt to locate a bank account used by Sands and linked to the credit card account). Sands explained to the UCA that he does accept credit card payments but runs it through the fencing supply company's account to pay for material. The UCA then paid Sands with an out of state check, (to see how Sands would handle a check written by a customer using a bank that did not have a branch in Northwest Arkansas) in the amount of $200. After the UCA's

check cleared, it was learned that Sands endorsed the check over to his girlfriend, Monique Navarre, and it was negotiated at First Security Bank.

12. Later in the day on November 15, 2017 and after the UCA paid Sands the check in the amount of $200, Sands e-mailed the UCA a "paid in full invoice." Sands sent the invoice from his Gmail account "sandsfencing5@gmail.com" and the e-mail message stated, "I have attached your paid in full invoice to this email. Please feel free to contact me with any questions or concerns you may have. Thank you, Derek Sands."

13. Based on the above information obtained to date, it appears that Sands is evading taxes by failing to file federal income tax returns and failing to report income earned from his fencing business. From my training and experience I know that individuals who attempt to evade and defeat taxes often deal in cash and do not deposit income into a bank account in order to conceal the amount of income they are earning and to prevent the IRS from placing liens on their bank account to collect taxes owed. Sands is aware that the IRS intended to file liens against him and has started dealing in cash to evade the payment of taxes. Sands is cashing checks that customers pay him, at their banks, in order to conceal his income earned. Sands is also running customer's credit card payments through his fencing supply company to pay for materials and prevent the deposit of these funds into a bank account controlled by Sands that the IRS might find. From my training and experience I also know that individuals who own and operate businesses keep business records. Business records would need to be kept to determine if the business is profitable, for warranty purposes and to keep track of accounts receivable and billing. Sands told the UCA that he keeps invoices for his customers in his Gmail account.

## BACKGROUND CONCERNING EMAIL

14. In my training and experience, I have learned that an e-mail provider provides on-line services, including electronic mail ("email") access, to the public. The provider allows subscribers to obtain email accounts at their domain, like the email account listed in Attachment A. Subscribers obtain an account by registering with the provider. During the registration process, the provider asks subscribers to provide basic personal information. Therefore, the computers of the provider are likely to contain stored electronic communications (including retrieved and un-retrieved email for the provider's subscribers) and information concerning subscribers and their use of the provider's services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation.

15. Subscribers can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by the provider.

16. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation.

17. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information

can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

18. This application seeks a warrant to search all responsive records and information under the control of the provider, who is a provider subject to the jurisdiction of this court, regardless of where the provider has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within the provider's possession, custody, or control.

19. As explained herein, information stored in connection with an email account may provide crucial evidence of the criminal conduct under investigation, thus enabling the United States to establish and prove each element.

## CONCLUSION

20. Based on the forgoing, your affiant respectfully requests this Court to issue a search warrant authorizing the search of the email account listed in Attachment A, which is controlled and

maintained by the provider, to seize the evidence, fruits, and instrumentalities described in Attachment B, for violations of 26 USC § 7201, Attempt to Evade or Defeat Tax

Respectfully submitted,

Tim Arsenault
Special Agent
IRS Criminal Investigation

Subscribed and sworn to before me on ___3|13___, 2018.

_____
Honorable Erin Wiedemann
United States Magistrate Judge

## ATTACHMENT A

### ITEMS TO BE SEARCHED AND SEIZED

This warrant applies to all electronically stored data, information, communications, and preserved data contained in, related to, and associated with the Google email account, Google user ID, and/or screen names:

- sandsfencing5@gmail.com

that is stored at premises owned, maintained, controlled or operated by Google, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

# **ATTACHMENT B**

### **Particular Things to Be Seized**

I.  **Information to Be Disclosed by Google**

To the extent that information described in Attachment A is within the possession, custody, or control of Google, including any emails, attachments and files embedded in emails, chats, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on 01/30/2018, Google is required to disclose the following information, for the period of January 1, 2010 to the present, to the government for each account or identifier listed in Attachment A:

   a. The contents of all emails, files and attachments embedded in emails, messages, and instant messenger communications associated with the accounts, including stored or preserved copies of emails, files and attachments embedded in emails, messages, chats and other communication sent to and from the accounts, draft emails, the source and destination addresses associated with each email, message, chats, or other communication, the date and time at which each email, message, chat or other communication was sent, and the size and length of each email, message, chat, or other communication.

   b. All records or other information regarding the identification of the accounts, to include full customer or subscriber name, customer or subscriber physical address, local and long distance connection records, telephone numbers, and other identifiers, alternate email address, records of session times and durations, the date on which the accounts were created, the length of service, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, account status,

        alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number).

   c. The types of service utilized.

   d. All records or other information stored at any time by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, files, attachments embedded in emails, and all Google ID's listed on the subscriber's Friends list.

   e. All records pertaining to communications between Google Inc. and any person regarding the accounts, including contacts with support services and records of actions taken.

   f. All records or other information that were the subject of the preservation request dated January 30, 2018.

   g. For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

**II.**   **Information to Be Seized by the Government**

   1. All information described above in Section I, including correspondence, records, electronic mail, chat logs, and electronic messages that constitutes fruits, contraband, evidence, and instrumentalities of violations of 26 USC § 7201, Attempt to Evade or Defeat Tax, and occurring on January 1, 2010 to the present, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Evidence regarding the perpetration of scheme to attempt to evade or defeat tax, and the identification and location of the perpetrators, conspirators, and victims of such schemes;

b. Evidence indicating how and when the Email Accounts and other services were accessed or used, to determine the geographic and chronological context of account/service access, use, and events relating to the crime under investigation and to the Email Accounts owner;

c. Evidence indicating the Email Accounts owners' and users' state of mind as it relates to the crime(s) under investigation;

d. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s);

e. Credit card and other financial information including but not limited to bills and payment records;

f. Evidence of who used, owned, or controlled each account or identifier listed on Attachment A;

g. Evidence of the times each account or identifier listed on Attachment A was used;

h. Passwords and encryption keys, and other access information that may be necessary to access each account or identifier listed on Attachment A and other associated accounts.